UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN T.,

                            Plaintiff,

                    v.

COMMISSIONER OF SOCIAL SECURITY,

                            Defendant.
_____

**DECISION AND ORDER**

1:21-CV-00297 EAW

## <u>INTRODUCTION</u>

Represented by counsel, plaintiff John T. ("Plaintiff") brings this action pursuant to Title II of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner," or "Defendant") denying his application for disability insurance benefits ("DIB"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Dkt. 7; Dkt. 8) and Plaintiff's reply (Dkt. 9). For the reasons discussed below, Plaintiff's motion (Dkt. 7) is granted to the extent that the matter is remanded for further administrative proceedings and the Commissioner's motion (Dkt. 8) is denied.

## **BACKGROUND**

Plaintiff protectively filed his application for DIB on May 2, 2014.  (Dkt. 6 at 733, 793).[1]  In his application, Plaintiff alleged disability beginning May 28, 2013.  (*Id.* at 733).[2] Plaintiff's application was initially denied on September 25, 2014.  (*Id.* at 109).  At Plaintiff's request, a hearing was held before administrative law judge ("ALJ") Sharon Seeley on February 13, 2017.  (*Id.* at 17, 55-107).  On July 10, 2017, the ALJ issued an unfavorable decision.  (*Id.* at 14-37).  Plaintiff requested Appeals Council review; his request was denied on July 20, 2018, making the ALJ's determination the Commissioner's final decision.  (*Id.* at 8-13).

Plaintiff sought judicial review, and on January 21, 2020, United States Magistrate Judge Michael J. Roemer issued a Decision and Order remanding the matter for further administrative proceedings due to "procedural irregularities" that prevented a meaningful review of the record.  (*Id*. at 802).  On March 19, 2020, the Appeals Council issued an order remanding the case to an ALJ for further proceedings.  (*Id*. at 818).  The Appeals Council further consolidated the claim with a Title II claim filed by Plaintiff on August 17, 2018, and instructed the ALJ to issue a new decision on the consolidated claims.  (*Id*.).

---

[1]      When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

[2]      Plaintiff had previously filed for and been granted a closed period of disability from March 2, 2010, through May 2, 2011.  (Dkt. 6 at 733).

A hearing was held before ALJ Paul Georger on September 23, 2020. (*Id*. at 760-92). On November 4, 2020, the ALJ issued an unfavorable decision. (*Id*. at 729-59). This action followed.

## LEGAL STANDARD

### I.    District Court Review

"In reviewing a final decision of the [Social Security Administration ("SSA")], this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted); *see also Wagner v. Sec'y of Health & Human Servs*., 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## II.   **Disability Determination**

An ALJ follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act.  *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986).  At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity.  *See* 20 C.F.R. § 404.1520(b).  If so, the claimant is not disabled.  If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities.  *Id*. § 404.1520(c).  If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled."  If the claimant does have at least one severe impairment, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings").  *Id*. § 404.1520(d).  If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (*id*. § 404.1509), the claimant is disabled.  If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments.  *See id*. § 404.1520(e).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits the claimant to perform the requirements of his or her past relevant work.  *Id*. § 404.1520(f).  If the claimant can perform such requirements, then he or she is not disabled.  If he or she cannot, the analysis proceeds to the fifth and final step, wherein the

burden shifts to the Commissioner to show that the claimant is not disabled. *Id*. § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation omitted).

## DISCUSSION

I.      **The ALJ's Decision**

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. § 404.1520. Initially, the ALJ determined that Plaintiff last met the insured status requirements of the Act on December 31, 2018. (Dkt. 6 at 735). At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful work activity from May 28, 2013, the alleged onset date, through December 31, 2018, the date last insured. (*Id*.).

At step two, the ALJ found that, through the date last insured, Plaintiff suffered from the severe impairments of: "traumatic brain injury, with brain hemorrhage and memory disorder; anxiety; degenerative disc disease of the thoracic and lumbar spine, status post 5-level thoracic fusion surgery with instrumentation." (*Id*. at 736). The ALJ further found that Plaintiff's medically determinable impairments of history of stroke, headaches, left thumb injury, hay fever, arthritis, and "new report of lumbar spine complaints" were non-severe. (*Id*.).

At step three, the ALJ found that, through the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity

of any Listing. (*Id.*). The ALJ particularly considered the criteria of Listings 1.04, 11.18, 12.02, and 12.06 in reaching his conclusion. (*Id.* at 736-39).

Before proceeding to step four, the ALJ determined that, through the date last insured, Plaintiff retained the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b), with the following additional limitations:

> [Plaintiff] can climb ramps and stairs occasionally, climb ladders, ropes, or scaffolds occasionally, balance occasionally, stoop occasionally, kneel occasionally, crouch occasionally, crawl occasionally. He is able to perform simple, routine and repetitive tasks but not at a production rate pace; is able to perform simple work-related decisions, with occasional interaction with coworkers, supervisors and the general public.

(*Id.* at 739-40). At step four, the ALJ found that Plaintiff was unable to perform any past relevant work through the date last insured. (*Id.* at 749).

At step five, the ALJ relied on the testimony of a vocational expert ("VE") to conclude that, through the date last insured and considering Plaintiff's age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, including the representative occupations of mail clerk, marker II, and photocopy machine operator. (*Id.* at 749-50). Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act from the alleged onset date through the date last insured. (*Id.* at 750-51).

## II.   Remand for Further Administrative Proceedings is Required

Plaintiff asks the Court to reverse or, in the alternative, remand this matter to the Commissioner, arguing that the ALJ failed to properly explain his evaluation of the opinions of consultative examiner Dr. Trevor Litchmore and treating physician Dr. Thomas Polisoto. For the reasons that follow, the Court agrees that the ALJ failed to adequately

explain his consideration of Dr. Litchmore's opinion, and that the Court accordingly cannot conclude that the RFC determination is supported by substantial evidence.

### A.    Evaluation of Dr. Litchmore's Opinion

In deciding a disability claim, an ALJ is tasked with "weigh[ing] all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013).   In performing this task, the ALJ "must consider and weigh the various medical opinions of record." *Nusreta D. o/b/o D.J. v. Comm'r of Soc. Sec.*, No. 6:19-CV-06270 EAW, 2021 WL 972504, at *4 (W.D.N.Y. Mar. 16, 2021).   However, an ALJ's conclusion need not "perfectly correspond with any of the opinions of medical sources cited in his decision." *Matta*, 508 F. App'x at 56.   Under the regulations applicable to Plaintiff's claims:

> [T]he ALJ must consider various factors in deciding how much weight to give to any medical opinion in the record, . . . including: (i) the frequency of examination and the length, nature and extent of the treatment relationship; (ii) the evidence in support of the . . . physician's opinion; (iii) the consistency of the opinion with the record as a whole; (iv) whether the opinion is from a specialist; and (v) other factors brought to the Social Security Administration's attention that tend to support or contradict the opinion.

*Pike v. Colvin,* No. 14-CV-159-JTC, 2015 WL 1280484, at *5 (W.D.N.Y. Mar. 20, 2015) (quotation and alterations omitted).   The ALJ must explain his reasons for the weight assigned to a particular opinion "with sufficient specificity to allow for meaningful review." *Quiles v. Berryhill*, No. 3:17CV825 (AWT), 2018 WL 4629190, at *3 (D. Conn. Sept. 27, 2018).

In this case, Dr. Litchmore opined, based on his examination of Plaintiff, that Plaintiff had "moderate to marked" limitations in lifting and carrying heavy objects,

standing for prolonged periods of time, walking up ramps and stairs, climbing, and operating moving machinery or parts. (Dkt. 6 at 1257). The ALJ gave this opinion substantial weight, finding that it was consistent with the medical record as a whole. (*Id.* at 748). It appears from the ALJ's decision that he inadvertently left his discussion of Dr. Litchmore's opinion incomplete, inasmuch as it ends in the middle of a sentence. (*Id.* ("The opinion of consultative examiner Dr. Litchmore is granted substantial weight, because the findings, diagnoses and limitations are consistent with the medical record, which shows overall improvement after surgical intervention, and updated imaging shows that (Ex. B31F).").

Numerous courts in this Circuit have held "that a physician's assessment that a plaintiff has 'marked' limitations is not necessarily consistent with an RFC limiting the Plaintiff to 'occasionally' performing those same activities." *Buczynski v. Comm'r of Soc. Sec.*, No. 1:17-CV-01126-MAT, 2019 WL 5540880, at *4 (W.D.N.Y. Oct. 28, 2019) (collecting cases). In this context, "occasionally" means up to one-third of the day, and it is not obvious that an individual may always spend one-third of his day performing an activity in which he is markedly limited. *See Edwards v. Commissioner*, No. 16-cv-0948-MJR, 2018 WL 5859518, at *5 (W.D.N.Y. Nov. 9, 2018) ("The Social Security Regulations define 'occasionally' as 'occurring from very little up to one-third of the time.' The ALJ does not explain how a marked limitation would allow plaintiff to spend up to one-third of his work day climbing stairs.") (citation omitted). Accordingly, while "a moderate to marked limitation does not necessarily preclude the performance of light work," *Jeffery A. v. Comm'r of Soc. Sec.*, No. 3:18-CV-1473 (CFH), 2020 WL 1234867,

at *9 (N.D.N.Y. Mar. 13, 2020), it is incumbent on the ALJ to provide some explanation for how he determined that a moderate to marked limitation was consistent with the assessed RFC. *See Buczynski*, 2019 WL 5540880, at *4 ("[T]he written determination does not include any explanation as to how limiting Plaintiff to occasionally using his right arm/hand is consistent with Dr. Balderman's opinion that Plaintiff had marked limitations for performing those same activities. Without this additional information, the Court is unable to discern how the ALJ arrived at his conclusion that the RFC is supported by Dr. Balderman's opinion, and therefore whether the RFC is supported by substantial evidence.").

Here, the ALJ's RFC finding indicates that Plaintiff may spend up to one-third of his day lifting and carrying 20 pounds, as well as climbing ramps, stairs, ladders, ropes, or scaffolds. (Dkt. 6 at 739-40). The ALJ also included no limitations in the RFC finding with respect to operating moving machinery or parts. (*Id.*). The ALJ has provided no explanation for how the RFC finding is consistent with or supported by Dr. Litchmore's assessment of moderate to marked limitations as to these activities, and the Court is accordingly unable to determine whether that conclusion is supported by substantial evidence. *See J. M. G. v. Saul*, No. 6:19-CV-1363 (LEK), 2021 WL 4477020, at *7 (N.D.N.Y. Sept. 30, 2021) ("[I]t is the ALJ's responsibility to build an accurate and logical bridge from the evidence to his conclusion to enable meaningful review.") (citation and original alteration omitted). Remand for further administrative proceedings is therefore required.

**B.**   **Remaining Argument**

As set forth above, Plaintiff has identified an additional reason why he contends the ALJ's decision was not supported by substantial evidence.  However, because the Court has already determined, for the reasons previously discussed, that remand of this matter for further administrative proceedings is necessary, the Court declines to reach this issue.  *See, e.g., Bell v. Colvin*, No. 5:15-CV-01160 (LEK), 2016 WL 7017395, at *10 (N.D.N.Y. Dec. 1, 2016) (declining to reach arguments "devoted to the question whether substantial evidence supports various determinations made by [the] ALJ" where the court had already determined remand was warranted).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Dkt. 7) is granted to the extent that the matter is remanded for further administrative proceedings. Defendant's motion for judgment on the pleadings (Dkt. 8) is denied.  The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: January 25, 2023
       Rochester, New York

- 10 -