UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN T.,

                 Plaintiff,

       v.

COMMISSIONER OF SOCIAL SECURITY,

                 Defendant.
_____

**DECISION AND ORDER**

1:21-CV-00297 EAW

## INTRODUCTION

Plaintiff John T. ("Plaintiff") seeks attorneys' fees of $51,450.00 pursuant to 42 U.S.C. § 406(b).  (Dkt. 14).  The Commissioner of Social Security ("the Commissioner") did not file a response to Plaintiff's motion.  For the reasons that follow, the Court grants Plaintiff's motion.

## BACKGROUND

On February 25, 2021, Plaintiff filed this action, seeking review of the Commissioner's final decision denying his application for disability insurance benefits ("DIB").  (Dkt. 1).  Plaintiff moved for judgment on the pleadings on January 15, 2022. (Dkt. 7).  On January 25, 2023, the Court granted Plaintiff's motion for judgment on the pleadings to the extent that the matter was remanded for further administrative proceedings. (Dkt. 11).

By Stipulated Order filed on April 27, 2023, the Court approved payment of $7,883.73 in attorneys' fees to Plaintiff's counsel pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"), for services performed in connection with this action. (Dkt. 13).

On March 10, 2024, the Commissioner issued a Notice of Award in connection with Plaintiff's claim, which stated that the Commissioner withheld $79,750.50 from Plaintiff's past-due benefits to pay for Plaintiff's attorneys' fees.  (Dkt. 14-3 at 4).

On March 27, 2024, Plaintiff moved pursuant to 42 U.S.C. § 406(b) seeking a total of $51,450.00 in attorneys' fees.  (Dkt. 14).  In his motion, Plaintiff's counsel indicates that his firm was awarded the sum of $7,883.83[1] under the EAJA, which he will refund to Plaintiff once the instant fee application is resolved.  (Dkt. 14-1 at 2).  The Commissioner filed no response.

## DISCUSSION

### I.     Timeliness of the Motion

Generally, a fee application under § 406(b) must be filed within 14 days after the entry of judgment.  Fed. R. Civ. P. 54(d)(2)(B)(1).  Rule 54(a)(2)(B) as applied to § 406(b) motions for attorneys' fees, requires that a party moving for attorneys' fees file the motion within 14 days of notice of a benefits award.  *Sinkler v. Berryhill*, 932 F.3d 83, 88 (2d Cir.

---

[1]     The EAJA fee that Plaintiff's counsel states his firm received is ten cents higher than the amount ($7,883.73) the Court approved in the Stipulated Order at Dkt. 13.  However, since counsel represented that he received $7,883.83 as payment for the EAJA fee, the Court will use this figure as the amount that counsel is required to refund to Plaintiff.

2019).  Additionally, a presumption applies that a notice is received "three days after mailing."  *Id*. at 89 n.5; *see also* Fed. R. Civ. P. 6(d).

Here, the Commissioner issued the Notice of Award on March 10, 2024.  (Dkt. 14-3 at 1).  Plaintiff's counsel filed his application 17 days later on March 27, 2024.  (Dkt. 21).  Factoring in the presumption that the notice is received three days after mailing, Plaintiff's application is timely.

## II.    <u>The Reasonableness of the Requested Fee</u>

Section 406(b) provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A).  In other words, § 406(b) allows a successful claimant's attorney to seek court approval of his or her fees, not to exceed 25 percent of the total past-due benefits.  Section 406(b) "calls for court review of [contingent-fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  This review is subject to "one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits."  *Id*.  "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."  *Id*.

Accordingly, a fee is not automatically recoverable simply because it is equal to or less than 25 percent of the client's total past-due benefits.  "To the contrary, because section

406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the attorney bears the burden of persuasion that the statutory requirement has been satisfied." *Id*. at 807 n.17.  As such, the Commissioner's failure to support or oppose the motion is not dispositive.  *Mix v. Comm'r of Soc. Sec.*, No. 6:14-CV-06219 (MAT), 2017 WL 2222247, at *2 (W.D.N.Y. May 22, 2017).   Several factors are relevant to the reasonableness analysis, including the following: (1) "whether the contingency percentage is within the 25% cap[;]" (2) "whether there has been fraud or overreaching in making the agreement[;]" and (3) "whether the requested amount is so large as to be a windfall to the attorney."  *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990).  Also relevant are the following: (1) "the character of the representation and the results the representative achieved[;]" (2) "the amount of time counsel spent on the case[;]" (3) whether "the attorney is responsible for delay[;]" and (4) "the lawyer's normal hourly billing charge for noncontingent-fee cases."  *Gisbrecht*, 535 U.S. at 808.

When determining whether a requested fee constitutes a windfall, courts are required to consider: (1) "the ability and expertise of the lawyers and whether they were particularly efficient[,]" (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level[,]" (3) "the satisfaction of the disabled claimant[,]" and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result."  *Fields v. Kijakazi*, 24 F.4th 845, 854-55 (2d Cir. 2022).

Here, Plaintiff's counsel seeks $51,450.00 in attorneys' fees that is represented to be "*far less than*" 25 percent of the past-due benefits.  (Dkt. 14-1 at 7; *see also* Dkt. 14-3

at 4). Utilizing the factors set forth above, the Court finds that there is no evidence of fraud or overreaching in the making of the contingency agreement between counsel and Plaintiff. Counsel provided effective representation, resulting in Plaintiff successfully receiving the benefits sought. There is no reason to believe that Plaintiff is dissatisfied with the outcome of such representation. The success of Plaintiff's claim was uncertain as demonstrated by a denial of his application before Plaintiff won a fully favorable decision. (*See* Dkt. 14-4). Accordingly, the hours expended by counsel were reasonable in light of the issues presented and the extent of representation.

The requested fee would result in a *de facto* hourly rate of $1,526.71 ($51,450.00 divided by 33.7 hours). (*See* Dkt. 21-6).[2] While high, it would be inappropriate to rely exclusively on the *de facto* rate in determining the reasonableness of Plaintiff's application. *See Wells*, 907 F.2d at 371 ("[A] court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case; and the best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations."); *see also Bate v. Berryhill*, No. 18-CV-1229 (ER), 2020 WL 728784, at *3 (S.D.N.Y. Feb. 13, 2020) ("[I]t is inappropriate to exclusively rely on the *de facto* hourly rate, as both the Supreme Court and the Second

---

[2]     Plaintiff's counsel states that the time expended in this case was 34.3 hours, but the sum of the hours listed by date in counsel's declaration is 33.7 hours. (*See* Dkt. 14-6 at 1-2).

Circuit have explicitly rejected the lodestar method to determine what is reasonable under § 406(b).").

The Court finds that neither the *de facto* hourly rate, nor the overall requested attorneys' fees amount, constitutes a windfall. Even though the hourly rate requested is significantly higher than Plaintiff's counsel's normal hourly rate of $400.00 per hour (Dkt. 14-2 at ¶ 16), counsel's successful representation ultimately achieved the grant of Plaintiff's motion for judgment on the pleadings and a remand that resulted in Plaintiff's receipt of a fully favorable decision and past-due benefits. Plaintiff's award of benefits was due to counsel's effective and efficient representation in dedicating 33.7 hours to draft the complaint, review the administrative record, and make written submissions advocating for Plaintiff's position. As such, Plaintiff's counsel's efficiency in successfully resolving Plaintiff's matter should not be penalized. *See Torres v. Colvin*, No. 11 Civ. 5309(JGK), 2014 WL 909765, at *5 (S.D.N.Y. Mar. 6, 2014) ("The more efficient the attorney, the fewer hours he will spend on a task, thus increasing the hourly rate if he invokes his contingency agreement. Thus, to reject a fee request because the resultant hourly rate is too high serves only to penalize efficiency, rather than rewarding it."); *Maier v. Apfel*, No. 95 Civ. 9264(JGK), 1998 WL 401536, at *2 (S.D.N.Y. July 17, 1998) ("[C]ounsel should not be penalized for working efficiently on the case as compared to other attorneys who might have taken longer to perform the same work and whose corresponding hourly rate would be lower due to their lack of experience and productivity.").

Moreover, a *de facto* hourly rate of $1,526.71 is not completely out of line with the range of rates under § 406(b) approved by courts. *See, e.g.*, *Fields,* 24 F.4th at 856 (an

effective hourly rate of $1,556.98 was not a "windfall"); *James C. v. Comm'r of Soc. Sec.*, No. 1:20-CV-01008-EAW, 2023 WL 8014383, at *3 (W.D.N.Y. Nov. 20, 2023) (granting *de facto* hourly rate of $2,047.00 based on counsel's quality and efficiency and collecting cases). In light of the above, the Court finds that a *de facto* hourly rate of $1,526.71 is reasonable. The Court is also "mindful that 'payment for an attorney in a social security case is inevitability uncertain.'" *Buckley v. Berryhill*, No. 15-CV-0341-A, 2018 WL 3368434, at *2 (W.D.N.Y. July 10, 2018) (quoting *Wells*, 907 F.2d at 371). Accordingly, "the Second Circuit has recognized that contingency risks are necessary factors in determining reasonable fees under § 406(b)." *Id.* (quotation marks omitted).

The Court also notes that counsel must return the previously paid EAJA fee of $7,883.83 to Plaintiff. (Dkt. 14-1 at 2; *see also* Dkt. 13). *See Gisbrecht*, 535 U.S. at 796 ("Fee awards may be made under both [EAJA and § 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee . . . .").

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for attorneys' fees under § 406(b) (Dkt. 14) is granted, and the Court hereby orders as follows: (1) Plaintiff's counsel shall be paid attorneys' fees of $51,450.00 out of funds withheld from Plaintiff's past-due benefits; and (2) Plaintiff's counsel must refund the previously received EAJA fee of $7,883.83 to Plaintiff.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:      August 22, 2024
            Rochester, New York